UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CV-00123-FDW-DCK

| | |
|---|---|
| DANIEL JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MCLANE FOOD SERVICE, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Defendant McLane Foodservice, Inc.'s Response to Order to Show Cause. (Doc. No. 16). For the reasons set forth below, the Court makes a finding of fact that there is good cause and excusable neglect for Defendant's submission of a late Answer. Accordingly, this case will proceed. Furthermore, as the default has now been resolved, the Clerk's Office is respectfully directed to DENY Plaintiff Daniel Johnson's Motion for Entry of Default as moot.[1] Finally, the parties are, STRONGLY ADVISED to review the Federal Rules of Civil Procedure, the Local Rules, and the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney so that no other issues of this sort arise again in these proceedings.

Plaintiff originally filed this action on January 24, 2013 in the Superior Court of Mecklenberg County, North Carolina. Defendant was served with the Summons and Complaint in this case on January 28, 2013, and Defendant removed the case to this Court on February 25,

---

[1] Plaintiff submitted a document titled "Motion for Entry of Default Judgment" which asks the Court to enter default and then asks the Court to "enter an Entry of Default Judgment." (Doc. No. 11). Ordinarily, a party must first seek an entry of default from the Clerk's Office and then move for default judgment after default has been entered. It is not clear what Plaintiff is trying to do in this Motion. However, for purposes of efficiency, as Defendant is no longer in default, the Court treats Plaintiff's filing as a motion for entry of default, and respectfully directs the Clerk's Office to deny it as moot as described above.

2013. On March 4, 2013, Defendant filed a Motion to Dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 4). Since this Motion was based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, it did not toll the time in which an answer needed to be filed under the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-mc-00047 (Doc. No. 2). As of June 6, 2013, Defendant had still not filed an answer to Plaintiff's Complaint, and Plaintiff had not moved for an entry of default or default judgment under Rule 55 of the Federal Rules of Civil Procedure. Accordingly, this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and denied the Motion to Dismiss, (Doc. No. 4), as moot. Since that time, Plaintiff filed a Motion for Entry of Default Judgment, (Doc. No. 11) and Defendant filed a new Motion to Dismiss, (Doc. No. 12) and an Answer. (Doc. No. 14). As Defendant's Answer was submitted late, the Court ordered Defendant to show cause why its neglect in making this late filing should be excused. (Doc. No. 15).

In its Response, Defendant notes that because a very similar case was filed by Plaintiff that was assigned to the Honorable Max O. Cogburn, Jr., District Judge, Plaintiff failed to note that the present case was not also assigned to Judge Cogburn. As such, Defendant states that "it was only through oversight, not any intention to delay, that Defendant's counsel did not comply with . . . the Honorable Frank D. Whitney's Standing Order Governing Civil Case Management." (Doc. No. 16, p. 3). Defendant "admits that this assumption was unwarranted and that Defendant's counsel should have paid more careful attention to the manner in which this case was assigned at the time of removal." (Doc. No. 16, p. 3). Defendant also apologies to the Court for its error and states that "[m]oving forward, Defendant's counsel fully intends to comply in all respects with Judge Whitney's Standing Order." (Doc. No. 16, p. 3).

Given the reasons for this mistake and Defendant's recognition of its error, acceptance of responsibility, and apology to the Court, the Court hereby makes a finding of fact that there is good cause and excusable neglect for Defendant's failure to file a timely Answer.  As such, now that Defendant's Answer has been received, this case will proceed forward.  Accordingly, the Clerk's Office is respectfully directed to DENY Plaintiff's Motion for Default, (Doc. No. 11) as moot.  The parties are, however, STRONGLY ADVISED to review the Federal Rules of Civil Procedure, the Local Rules, and the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney so that no other issues of this sort arise again in these proceedings.

IT IS SO ORDERED.

Signed: June 12, 2013

Frank D. Whitney
Chief United States District Judge